*In re* A.D. *et al.*, Alleged to be Neglected Minors (The People of the State of Illinois, Petitioner-Appellee, v. Anita Deavers, Respondent-Appellant).— *In re* C.L.D., Alleged to be a Neglected Minor (The People of the State of Illinois, Petitioner-Appellee, v. Anita Deavers, Respondent-Appellant).

Fourth District   Nos. 4—89—0976, 4—89—0977 cons.

Opinion filed June 27, 1990.

Alan J. Novick, of Jennings, Novick, Ensign & Ostling, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Patrick J. O'Rourke, Assistant Public Defender, of Bloomington, guardian *ad litem*.

JUSTICE STEIGMANN delivered the opinion of the court:

Respondent, Anita Deavers, appeals orders of the trial court which found that her children, C.L.D., A.D., and C.D., ages seven, six, and five, respectively, were neglected minors, and appointed the Department of Children and Family Services (DCFS) as their guard-

ian with authority to place them. The findings of neglect were based upon acts constituting aggravated criminal sexual abuse performed upon C.L.D. by her stepfather, Billy Deavers.

Anita does not claim that error occurred during the adjudicatory hearing. Instead, the sole issue on appeal is whether the trial court erred in finding that Anita, at the time of the dispositional hearing, was either "unwilling or unable" to care for her children, as those terms are used in section 2—27 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 802—27(1)). Section 2—27(1) reads in pertinent part as follows:

> "(1) If the court finds that the parents, guardian or legal custodian of a minor adjudged a ward of the court are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor or are unwilling to do so, and that appropriate services aimed at family preservation and family reunification have been unsuccessful in rectifying the conditions which have led to such a finding of unfitness or inability to care for, protect, train or discipline the minor, and that it is in the best interest of the minor to take him from the custody of his parents, guardian or custodian, the court may
>
> (a) place him in the custody of a suitable relative or other person;
>
> (b) place him under the guardianship of a probation officer;
>
> (c) commit him to an agency for care or placement, except an institution under the authority of the Department of Corrections or of the Department of Children and Family Services;
>
> (d) commit him to the Department of Children and Family Services for care and service." Ill. Rev. Stat. 1987, ch. 37, par. 802—27(1).

At the dispositional hearing, Donna Turner, a social worker who was working with Anita, recommended that the court return the minors to Anita as long as Billy was ordered to stay away from them. Turner stated that Anita was willing to learn, was doing well in parenting classes, and was seeking sex abuse counseling. According to Turner, Anita no longer denied that the sex abuse occurred.

Tracy Wolf, a DCFS investigator, testified that Anita attended parenting classes, counseling, visitation, and meetings with DCFS. Anita also had sought assistance from a Women's Counseling Center. Anita was not then employed, and Billy provided her only means of support. Wolf permitted Billy to visit A.D. and C.D., but was against

returning all three minors to Anita, even if a protective order was entered regarding Billy.

Anita testified that she was currently employed as a housekeeper at a motel and was earning $3.65 per hour. She had nine years of schooling, but had not earned her GED. Anita testified that in her past, she had been both physically and sexually abused and stated she was attempting to come to terms with these incidents. Anita requested that the court return her children to her and stated that she would abide by an order of protective supervision.

The trial court granted guardianship of all three children to DCFS. Although the court determined that Anita had made commendable progress in the last two months preceding the dispositional hearing, the court concluded that she had more to learn about being a good parent. The trial court also entered orders of protection for (1) Anita to continue her parenting classes, (2) Billy to cooperate with DCFS in order to resolve his problems regarding sex abuse of children, and (3) Billy to have no contact with C.L.D. or to visit A.D. or C.D. without supervision.

■■ The trial court's order was correct in formally adjudicating these children wards of the court and appointing DCFS as their guardian with authority to place them outside their home. When, as here, a child has been subjected to sexual abuse at the hands of a resident of that child's home, the court ought to remove that child (and any siblings similarly found to be neglected or abused) from that home and return them only when the court is confident that the risk of sexual abuse has been eliminated. The children involved are entitled to no less, and we emphasize that only the courts of this State, through proceedings under the Act, can protect such children from their abusive or neglectful parents.

We note with concern the following excerpts from the summary of the report prepared by Tracy Wolf of DCFS for the dispositional hearing:

> "Family reunification that guarantees the safety of these children is not possible at this time due to the lack of sufficient progress. Both Mr. & Mrs. Deavers *continue* to either deny the sexual abuse or to minimize the extent of the sexual abuse.
>
> The recent separation of Mr. & Mrs. Deavers does not immediately produce a safe environment for the children. The Deavers have had a pattern of separations and reunifications. There is no plan for divorce or alternatively, for them to jointly address the sexual abuse issues. Both Mr. & Mrs.

Deavers need to successfully complete a course of treatment prior to return of the children to either one of them or to both of them.

Mrs. Deavers has begun counseling but has significant issues to resolve before she will be capable of protecting the children, i.e., her denial that sexual abuse has occurred and also, that Mr. Deavers has perpetrated the sexual abuse; her role in the perpetration of the sexual abuse, including her dependency/passivity; her own trauma that occurred to her as a child; her acceptance of violent/abusive behavior as 'normal'. Should the children be returned to her at this time, with her lack of belief that Mr. Deavers has sexually abused them, the children would not have a sense of physical and emotional protection and security; they would not be likely to report to her any incidences of sexual abuse. Additionally, we do not believe that Mrs. Deavers has made sufficient progress in treatment to assure that she would be capable of complying with court orders that she not allow Mr. Deavers access to the children." (Emphasis in original.)

On this record, we find it entirely appropriate for the trial court to return these children to Anita only when she convinces the trial court that one of two things has occurred: (1) Billy is no longer a part of her life, or (2) Billy has taken and successfully completed affirmative steps to address his perverse behavior, with the result that he is no longer dangerous to the children.

If Billy fails to take such affirmative steps for his sex abuse problem, Anita will have to choose whether she wants to include Billy in her life or whether she wants custody of her children. Given the overriding importance in proceedings under the Act of the children's safety and best interests, we have no hesitancy in approving the trial court's action putting Anita to this test.

We hold that a parent in the position of Anita who, at the time of the dispositional hearing, has not clearly and unequivocally chosen, to the trial court's satisfaction, the safety of her children over a continued relationship with their abuser, whether husband, boyfriend, or whatever, is "unwilling or unable," within the meaning of section 2—27(1) of the Act to care for or protect her children, and it is in their best interest that they be removed from their parent's custody until such time, if ever, that the court is so satisfied.

Although there is no evidence which indicates that either A.D. or C.D. was abused by Billy, the fact of C.L.D.'s abuse is enough to sustain the trial court's conclusion that these two children needed to be

removed from Anita's home. (*In re Brooks* (1978), 63 Ill. App. 3d 328, 339, 379 N.E.2d 872, 881.) The court need not wait until A.D. and C.D. also become the victims of sexual abuse. *Brooks*, 63 Ill. App. 3d at 339, 379 N.E.2d at 881.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.